UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14267-CIV-MARTINEZ/LYNCH

THE LAMAR COMPANY LLC,

    Plaintiff,

v.

CITY OF STUART, FLORIDA,

    Defendant.
_____/



FILED by _____ D.C.

OCT 31 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (DE 9)

**THIS CAUSE** comes before this Court upon an Order of Reference (DE 14) and the above Motion. Having reviewed the Motion, Response, and Reply, this Court recommends as follows:

1.  As pled in the Complaint, the Defendant originally brought a code enforcement action against the Plaintiff for repairs it had undertaken on some of its hurricane damaged billboards. Negotiations grew from this to encompass all of the Plaintiff's billboards located within the Defendant's city limits. Negotiations led to a Settlement Agreement which in addition to resolving the underlying code enforcement action created an entirely new billboard arrangement. The Plaintiff in effect would exchange all of its ten or thirteen old wooden billboards for the right to have two monopole, digital billboards. The Settlement Agreement set out the specifications for the new billboards and required the Plaintiff to apply for

the permits.

2. Ultimately the City never granted the Plaintiff's permit application, and the Plaintiff now brings suit. It alleges breach of contract and seeks specific performance, i.e., issuance of the permit. Because their dispute raises no questions of federal law, the Plaintiff's claim of federal subject matter jurisdiction derives from their diversity of citizenship pursuant to 28 U.S.C. § 1332.

3. The Defendant seeks dismissal as a matter of abstention. Citing predominately Fourth Circuit case law, as applied in the case of Templeton Properties, L.P. v. Town of Boone, 2008 WL 583900 (W.D.N.C. 2008), the Defendant argues that under the principles of the Burford Abstention, this Court should decline to hear this local land use dispute. But before deciding whether the Burford Abstention is appropriate in this case, this Court must first determine whether it has subject matter jurisdiction in the first place. Even though the Defendant does not challenge subject matter jurisdiction, this Court has an obligation to make an independent inquiry. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

4. Subject matter jurisdiction under 28 U.S.C. § 1332 is established by the diversity of the parties' citizenship, such as here where the Plaintiff is a non-Florida company suing a Florida city. Also the amount in controversy must exceed $75,000. The

purpose of this additional threshold "is to reserve federal court diversity jurisdiction for disputes involving relatively substantial damages." <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069, 1079 (11th Cir. 2000). The dispositive issues before this Court therefore are the value of the Plaintiff's claim for specific performance under the Settlement Agreement and whether it exceeds the required threshold amount.

5.  At ¶¶ 4 and 38 of the Complaint, the Plaintiff sets forth the value of its claim. The Plaintiff states that the matter in controversy, i.e., the amount of damages caused by the breach of contract, exceeds $75,000.00. However, apart from simply pleading the jurisdictional threshold amount, the Plaintiff provides no underlying basis for the valuation, and it is not otherwise apparent on the face of the Complaint. It is true that rather than asking for a specific amount of damages, the Plaintiff seeks to compel specific performance. Nevertheless the Plaintiff still must quantify how much it, itself, will benefit from the requested relief and reduce that benefit to a monetary figure, as one must do when seeking injunctive relief. See <u>Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elec., Inc.</u>, 120 F.3d 216, 222 (11th Cir. 1997).

6.  Applying the injunction analogy to the instant case, it is clear that the Plaintiff cannot rely on mere speculation when valuing its non-monetary claim. Instead the amount in controversy

must be reasonably determinable and be sufficiently verifiable to satisfy the threshold requirement. See <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255 (11th Cir. 2000) and <u>Lutz v. Protective Life Ins. Co.</u>, 328 F.Supp.2d 1350 (S.D. Fla. 2004). Such is not the case here. There simply is no way to ascertain the value of the Plaintiff's claim, at least as currently pled. The object of the Plaintiff's requested relief is the issuance of a permit to build a billboard, in other words, the right to put up the billboard. Moreover that billboard would be situated on land not owned by the Plaintiff but rather owned by either a third party or the Defendant. These facts do not suggest a benefit to the Plaintiff exceeding $75,000 in value. The value of the Plaintiff's claim consequently is too speculative to support federal subject matter jurisdiction.

7. Nor would accepting the Plaintiff's conclusory pleading advance the purpose of 28 U.S.C. § 1332(a)'s requirement of a threshold amount in controversy. Accepting the Plaintiff's speculative valuation would subject every local government code enforcement or permitting dispute to review in federal court based merely on the potential of an aggregate benefit or fine exceeding $75,000.00. This Court adds that the present controversy involves a purely local issue with no interrelated questions of federal law and with a more appropriate, alternative forum in which to litigate the dispute.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant's Motion to Dismiss be **GRANTED** based on a lack of federal subject matter jurisdiction. This Court recommends that the Complaint be dismissed without prejudice to refile it in state court or to refile it in federal court after better pleading the amount in controversy in conformance with the above case law.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 31st day of October, 2008.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Jose E. Martinez
     William H. Hughes, III, Esq.
     Robert L. Kilbride, Esq.