UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

Case Number:  08-14267-CIV-MARTINEZ-LYNCH

THE LAMAR COMPANY, LLC, a Louisiana
limited liability company,

    Plaintiff,

vs.

CITY OF STUART, FLORIDA, a municipal
corporation organized and existing under the
laws of the State of Florida,

    Defendant.
_____/

## OMNIBUS ORDER

THIS CAUSE came before the Court upon Magistrate Judge Lynch's Report and Recommendation (D.E. No. 15) and Defendant's Motion to Dismiss and for Abstention (D.E. No. 9).  This Court referred Defendant's Motion to Dismiss and for Abstention to Magistrate Frank J. Lynch, Jr.  *See* (D.E. No. 14).  Magistrate Judge Lynch did not address the merits of the motion to dismiss but rather he recommended that this case be dismissed for lack of subject matter jurisdiction, finding Plaintiff's allegations with regard to the amount in controversy were too speculative.  Plaintiff has filed objections to Magistrate Judge Lynch's Report and Recommendation.  *See* (D.E. No. 16).  After careful consideration, the Court declines to adopt Magistrate Judge Lynch's Report and Recommendation and denies Defendant's Motion to Dismiss and for Abstention.

### I.  Background

Plaintiff the Lamar Company, LLC ("Plaintiff" or "Lamar") constructs and maintains

billboards within the City of Stuart, Martin County, Florida. *Id*. Plaintiff contracts with advertisers for the use of their billboards. *Id*. Plaintiff alleges that as a result of hurricanes and other storms in 2004 and 2005, a number of their billboards were damaged. *Id*. Plaintiff began repairing their billboards when Defendant City of Stuart, Florida ("Defendant" or "City of Stuart") issued certain "Requests for Compliance to Respondent" in which Defendant asserted that the repair work being undertaken violated the Defendant's Land Development Regulations. *Id*. at 3.

Plaintiff alleges that the parties eventually entered into a Settlement Agreement regarding this dispute over the repair work. *Id*. Plaintiff alleges that

> Pursuant to the terms of the Settlement Agreement, Lamar agreed to remove all of its existing Billboards within the City of Stuart, and the City of Stuart agreed to issue to Lamar permits necessary for the construction of two new steel monopole Billboard Structures with digital back-to-back faces to be located within the corporate limits of Stuart, Florida, at locations specified in Exhibit "B" to the Settlement Agreement.

*Id*. Plaintiff alleges that it is in full compliance with its "duties and responsibilities under the Settlement Agreement preliminary to the issuance of the building permits required of the city for the construction of the Subject Billboards." *Id*. Despite this, Plaintiff alleges that Defendant has failed to issue a permit for a site by the Holiday Inn for their first billboard under the agreement. *Id*. at 4-6. Plaintiff alleges that in response to their inquiry regarding the status of their permit application that Defendant has responded that "it is not possible for the City staff to issue a permit when the City Commission has clearly expressed its opposition to the specific proposed location." *Id*. at 6.

On July 21, 2008, Plaintiff filed this action against the Defendant City of Stuart for

breach of contract, alleging that Defendant has breached the parties' Settlement Agreement. (D.E. No. 1 at 1). Plaintiff alleges that this Court has diversity jurisdiction over this case in that the parties are citizens of different states and that the amount in controversy exceeds $75,000. *Id*. at 2. Plaintiff seeks "specific performance of the Settlement Agreement, including a specific requirement for the City to promptly issue to Lamar a permit for the Holiday Inn site in accordance with Lamar's application." *Id*. at 7. As stated above, Defendant has moved to dismiss this action based on abstention, and Magistrate Judge Lynch has recommended that this case be dismissed for lack of subject matter jurisdiction.

### I. Subject Matter Jurisdiction

First, the Court finds that Plaintiff has sufficiently alleged that this Court has diversity jurisdiction over this case. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over claims between citizens of different states where the amount in controversy exceeds $75,000. A case based upon diversity jurisdiction will not be dismissed "unless it appears to a 'legal certainty' that plaintiff's claim is actually for less than the jurisdictional amount." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir.1994) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). Here, Magistrate Judge Lynch has recommended that this case be dismissed for lack of subject matter jurisdiction because he states that the allegations regarding the amount in controversy are too speculative. After careful consideration, this Court finds it disagrees with Magistrate Judge Lynch's recommendation and declines to dismiss this case for lack of subject matter jurisdiction.

Plaintiff has filed suit against Defendant alleging a breach of contract based upon Defendant's alleged breach of a Settlement Agreement between the two parties. Plaintiff has

alleged that it is in the business of constructing and maintaining billboards and that it "contracts with advertisers for the use of its Billboards to display commercial and non-commercial messages from which Lamar receives revenue." (D.E. No. 1 at 2).  Plaintiff alleges that under the Settlement Agreement that Defendant agreed to issue it two permits for two such billboards and now Defendant has refused to approve Plaintiff's application for a permit.  Plaintiff also alleges that the amount in controversy in the action "exceeds the sum or value of $75,000.00." *Id*.  Based on these allegations, the Court cannot find to a legal certainty that Plaintiff's claim is for less than the jurisdictional amount.

The Court finds that, as alleged, the issuance of the permits will enable Plaintiffs to construct their digital billboards and contract out the advertising space, a benefit that is certainly measurable and quantifiable for Plaintiff.  Here, Plaintiff has alleged that the value of this benefit exceeds $75,000 and at this stage, it is Plaintiff's value of the claim which is controlling. *Ericsson GE Mobile Commc'ns v. Motorola Commc'ns & Electronics, Inc.*, 120 F. 3d 216, 220 (11th Cir. 1997).  Thus, the Court does not adopt Magistrate Judge Lynch's Report and Recommendation and declines to dismiss this action for lack of subjection matter jurisdiction.

**II.     Abstention**

The Court now considers Defendant's motion to dismiss. Defendant has moved to dismiss this breach of contract, arguing that abstention is appropriate.  "The doctrine of abstention is 'an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it' and may be invoked only in those 'exceptional circumstances' in which surrendering jurisdiction 'would clearly serve an important countervailing interest.'" *Int'l College of Surgeons v. City of Chicago,* 153 F. 3d 356, 360 (7th Cir. 1998) (quoting *County*

*of Allegheny v. Frank Mashuda, Co.*, 360 U.S. 185, 188-189 (1959)). Here, Plaintiff has argued that the abstention doctrine articulated in *Sun Oil v. Burford*, 319 U.S. 315 (1943) applies. After careful consideration, this Court disagrees and denies Plaintiff's motion to dismiss.

> The United States Supreme Court has defined *Burford* abstention as follows:
>
> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

*New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 361 (1989) (citations and internal quotations omitted). "The central concern of *Burford* abstention is to prevent federal courts 'from deciding unsettled questions of state law that relate to a complex state regulatory scheme.'" *Moore v. Liberty Nat'l Ins. Co.*, 108 F. Supp. 2d 1266, 1277 (S.D. Fla. 2000) (quoting *Int'l College of Surgeons v. City of Chicago*, 153 F. 3d 356, 361 (7th Cir. 1998)).

Here, on the face of the complaint and its attached Settlement Agreement, the Court cannot find that this case will involve "difficult questions of state law bearing on policy problems of substantial public import" or that this Court's review of this case or similar cases "will be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Pub. Serv., Inc.*, 491 U.S. at 361. As the case is pleaded, this case appears to be a matter involving a breach of contract.

The Settlement Agreement at issue in this case states that "upon submission of a properly filed permit application consistent with the provisions hereof, . . . the [City] agrees to issue to . . . [Lamar] all permits necessary or required for the construction of two steel monopole off-premise

sign structures, to be located upon properties zoned for commercial or industrial uses within the corporate limits of Stuart, Florida, but only as provided in Exhibit 'B.'"  (D.E. No. 1 at 15). Exhibit B provides that the "areas where the two . . . monopole signs may be placed" are (1) "U.S.1/S.R. 5, north of the Roosevelt Bridge for 1/4 mile, and south of Indian Street only[,]" and (2) "as otherwise mutually agreed upon by the respondent and the City from time to time, in writing." (D.E. No. 1 at 21).  Plaintiff alleges that "[t]he Holiday Inn site is located within one quarter of a mile north of the Roosevelt Bridge, as provided in Exhibit 'B' to the Settlement Agreement." *Id*. at 4.  Plaintiff alleges in the Complaint that in response to its inquiry regarding the City of Stuart's failure to issue a decision on its permit application for the Holiday Inn site, the City of Stuart responded that it was not possible "for City staff to issue a permit when the City Commission . . . clearly expressed its opposition to the specific proposed location." *Id*. at 6. Thus, as the case is pleaded, this appears to be wholly a matter of contract interpretation and not a matter which invokes serious state law questions.

Moreover, Defendant fails to explain in any detail which complex, unsettled state law questions the Court will be forced to address in deciding this case.  The Court notes that it is expected to apply state law in all diversity cases and that "*Burford* abstention is rarely, if ever, appropriate when 'the state law to be applied appears to be settled.'"  *Int'l College of Surgeons*, 153 F. 3d at 362 (quoting *Colorado River Water Conservation Distrib. v. United States*, 424 U.S. 800, 815 (1976)). "In fact, even in cases involving land use issues a district court must not decline jurisdiction where its exercise 'would . . .not require the District Court to guess at the resolution of uncertain and difficult issues of state law.'" *Int'l College of Surgeons*, 153 F. 3d at 362 (quoting *County of Allegheny*, 360 U.S. at 187 (1959)). At this time, the Court does not find

that the resolution of this case will cause it to have to confront uncertain and difficult issues of state law nor does it find that its review of this case would be disruptive to the state; and thus, the Court finds it would not be appropriate to apply the extraordinary and narrow doctrine of abstention to this case.  Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

1. Magistrate Judge Lynch's Report and Recommendation (D.E. No. 15) is not adopted.

2. Defendant's Motion to Dismiss and for Abstention (D.E. No. 9) is **DENIED**. Defendant shall file an Answer to the Complaint **on or before March 25, 2009.**

DONE AND ORDERED in Chambers at Miami, Florida, this 13 day of March, 2009.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record